FILED

JAN 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  Suzanne Alawa
2  99-101D Waipao Place
   Aiea, Hawaii 96701

   CASE NUMBER    1:06CV00130

3
   JUDGE: Reggie B. Walton

4  Plaintiff
   Judiciary Act of 1789 § 35
   DECK TYPE: Pro se General Civil
5  
   DATE STAMP: 01/23/2006

6

7  # district court of the United States[1]

   # District of Columbia

8

9  Suzanne Alawa,
   99-101 D Waipao PL-                        Case Nº:
   Aiea, Hawaii  96701
10           Plaintiff,
                                              VERIFIED COMPLAINT
                                              (Unlawful Assessment/Collection Activities)
11
            v.
12  UNITED STATES OF AMERICA              (Jury Trial Demanded)

13      Respondent.

14      COMES NOW Suzanne Alawa, in her own right, Faretta v. California, 422 US 809,

   reserving her right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES
15  
   CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the
16  INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE

17  ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993  and for her

   cause(s) of action, aver(s):
18  I.      PARTIES

19      A.      Plaintiff is a Citizen of Hawaii, a Republic, "State in this Union," as established in

20              ART. IV § 4 UNITED STATES CONSTITUTION, Hooven & Allison v. Evatt, 324 U.S.

                652, 672-674, domiciled at the address shown above.
21      B.      Respondent is the UNITED STATES OF AMERICA.

22  II.     JURISDICTION

23      A.      This action is brought pursuant to Internal Revenue Code section 7433[2], 102 Stat.

24  [1] As designated in Title 26, United States Code, § 7433.

3747, for reckless, intentional, or negligent disregard of numerous provisions of the Internal Revenue Code and regulations promulgated thereunder, as alleged below.

B.  This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §§ 704, and 706(1), respectively,

    1.  to compel agency action unlawfully withheld or unreasonably denied; and,

    2.  for judicial review of final agency actions for which there is no other adequate remedy in a court.

C.  Plaintiff may forego exhausting administrative remedies that are either futile or inadequate, Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, Ft. Sumter Tours. Inc. v Andrus (1977, DC SC) 440 F Supp 914, affd (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; or when agency action exceeds statutory authorization. Blue Ribbon Quality Meats, Inc. v Federal Trade Com. (1976, WD Mo) 434 F Supp 159, affd (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024;

D.  The district court of the United States has jurisdiction pursuant to

    1.  Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended;

    2.  Section 704 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392, for final agency actions for which there is no other adequate remedy in a court;

    3.  Section 705 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied.

    4.  Section 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to provide for judicial review of final agency actions for which there is no other adequate remedy in a court.

---

[2] Added Pub. L. 100-647, title VI, Sec. 6241(a), Nov. 10, 1988, 102 Stat. 3747

The court has power to hold unlawful and set aside agency action findings, and conclusions found to be –

a)  (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
b)  (B) contrary to constitutional right, power, privilege, or immunity;
c)  (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
d)  (D) without observance of procedure required by law;
e)  (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or
f)  (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

E.  The Court further:

1.  has federal question jurisdiction pursuant to Title 28 United States Code § 1331 with respect to federal record-keeping matters under

a)  the Federal Records Act; 82 Stat. 1297, et seq.;

b)  the National Archives Act[3], 90 Stat. 2723, , et seq.;

c)  the Freedom of Information Act, 80 Stat. 383, et seq.; and,

d)  the Privacy Act of 1974, 88 Stat. 1897;

2.  has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361; the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 705; and,

3.  has jurisdiction under the ALL WRITS ACT, Title 28 United States Code § 1651[4].

---

[3] Added Pub. L. 94-575, Sec. 2(a)(1), Oct. 21, 1976, 90 Stat. 2723
[4] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, mod (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not

F.    Venue is proper in the District of Columbia, the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, <u>61 Stat. 643</u>.

III.    ALLEGATIONS RE: DISREGARD OF INTERNAL REVENUE CODE PROVISIONS OR REGULATIONS PROMULGATED THEREUNDER:

A.    COUNT ONE:

By reckless or intentional disregard of Internal Revenue Code section 6001[5], <u>68A Stat. 731</u>, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

B.    COUNT TWO:

By reckless or intentional disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

C.    COUNT THREE:

By reckless or intentional disregard of Internal Revenue Code section 6020[6], <u>68A Stat. 740</u>, subsection (a), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) as

---

otherwise possess tools necessary to implement their jurisdictional grants. <u>ITT Community Development Corp. v Barton</u> (1978, CA5 Fla) 569 F2d 1351.

[5] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.
[6] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

1   authorized when a "…person shall fail to make a return required…".

2   D.   COUNT FOUR:

3   By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53,
    promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which

4   Internal Revenue Code section 6020 provides authority, or by reason of negligence:

5   defendant, through principals, officers, agents, and/or employees of Internal Revenue
    Service, purported to be a component of the Department of Treasury, failed to prepare

6   any Substitute(s) for Return(s).

7   E.   COUNT FIVE:

8   By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70,
    promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, for which

9   Internal Revenue Code section 6020 provides authority, or by reason of negligence:

10  defendant, through principals, officers, agents, and/or employees of Internal Revenue

11  Service, purported to be a component of the Department of Treasury, failed to prepare
    any Substitute(s) for Return(s).

12  F.   COUNT SIX:

13  By reckless or intentional disregard of Federal Tax Regulations in Federal Tax

14  Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section
    7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020

15  with respect to income tax, or by reason of negligence: defendant, through principals,

16  officers, agents, and/or employees of Internal Revenue Service, purported to be a

17  component of the Department of Treasury, failed to prepare any Substitute(s) for

18  Return(s).

    G.   COUNT SEVEN:

19  By reckless or intentional disregard of Internal Revenue Code section 6020[7], 68A Stat.

20  740, subsection (b)(2), or by reason of negligence: defendant, through principals, officers,
    agents, and/or employees of Internal Revenue Service, purported to be a component of

21  the Department of Treasury, failed to execute any Substitute(s) for Return(s).

22  H.   COUNT EIGHT:

23  By reckless or intentional disregard of Federal Tax Regulation 26 CFR 301.6020-1,

24  _____
    [7] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020[8], 68A Stat. 740, subsection (b)(2) with respect to income tax, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s).

I.    COUNT NINE:

By reckless or intentional disregard of Internal Revenue Code section 6103[9], 68A Stat. 753, subsection (c), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

J.    COUNT TEN:

By reckless or intentional disregard of Internal Revenue Code section 6109[10] [11], 75 Stat. 828, subsection (d) or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

      1.    aliens 42 USC § 405(c)(2)(B)(i)(I); and,

      2.    applicants for/recipients of federal benefits 42 USC § 405(c)(2)(B)(i)(II)

effectively creating, in Plaintiff, a false status of "alien" and/or "applicant/recipient".

K.    COUNT ELEVEN:

By reckless or intentional disregard of Internal Revenue Code section 6201, 68A Stat.

---

[8] Amended 1976 - Pub. L. 94-455 struck out "or his delegate" after "Secretary" wherever appearing.

[9] Amended 1976 - Pub. L. 94-455 among other changes, substituted provisions treating income tax returns as public records and allowing inspection only under regulation approved by the President except in certain enumerated situations for provisions treating return information as confidential and not subject to disclosure except in limited situations and inserted provisions defining "return" and "return information" and provisions prohibiting tax information from being furnished by the Internal Revenue Service to another agency unless the other agency establishes procedures for safeguarding the information it receives.

[10] Added Pub. L. 87-397, Sec. 1(a), Oct. 5, 1961, 75 Stat. 828

[11] 1976 - Subsec. (a). Pub. L. 94-455, Secs. 1203(d), 1906(b)(13)(A), struck out in provisions preceding par. (I) "or his delegate" after "Secretary" and added par. (4).

Subsec. (d). Pub. L. 94-455, Sec. 1211(c), added subsec. (d).

767, subsection (a), paragraphs (1) and (2), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

    1.    Taxes shown on return 26 USC § 6201(a)(1); and,

    2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

L.    COUNT TWELVE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

M.    COUNT THIRTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6202, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

N.    COUNT FOURTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6203, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) for Plaintiff in the office of the Secretary.

O.    COUNT FIFTEEN:

By reckless or intentional disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign,

summary record(s) of assessment, which include(s),

       (1)    identification of the taxpayer;

       (2)    character of liability assessed;

       (3)    taxable period, if applicable; and,

       (4)    amount of assessment

P.    COUNT SIXTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6203, 68A Stat. 768, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

Q.    COUNT SEVENTEEN:

By reckless or intentional disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

R.    COUNT EIGHTEEN:

By reckless or intentional disregard of Internal Revenue Code section 6211, 68A Stat. 770, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A thereunder.

S.    COUNT NINETEEN:

By reckless or intentional disregard of Internal Revenue Code section 6301, 68A Stat. 775, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect to

1   taxes; i.e., taxes imposed by the Internal Revenue Code[12]. Specifically:

2       1.    The Commissioner of Internal Revenue failed to develop and implement

3   procedures under which - "(1) a determination by an employee to file a

    notice of lien or levy with respect to, or to levy or seize, any property or

4   right to property would, where appropriate, be required to be reviewed by

5   a supervisor of the employee before the action was taken"; and,

6       2.    The Commissioner of Internal Revenue failed to develop and implement

    procedures under which -"(2) appropriate disciplinary action would be

7   taken against the employee or supervisor where the procedures under

8   paragraph (1) were not followed"; and,

9       3.    The Commissioner of Internal Revenue failed to develop and implement a

    review process under subsection (a)(1) which includes a certification that

10  the employee has -

11      "(1) reviewed the taxpayer's information;

        "(2) verified that a balance is due; and

12      "(3) affirmed that the action proposed to be taken is

13  appropriate given the taxpayer's circumstances, considering the

14  amount due and the value of the property or right to property."

15  T.    COUNT TWENTY:

    By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 24,

16

---

[12] Notes under IRC section 6301 specify: "Pub. L. 105-206, title III, Sec. 3421, July 22, 1998, 112 Stat. 758,
17  provided that:
        "(a) In General. - The Commissioner of Internal Revenue shall develop and implement procedures under which -
18      "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any
    property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee
    before the action was taken; and
19      "(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures
    under paragraph (1) were not followed."
20      "(b) Review Process. - The review process under subsection (a)(1) may include a certification that the employee
    has -
21      "(1) reviewed the taxpayer's information;
        "(2) verified that a balance is due; and
22      "(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering
    the amount due and the value of the property or right to property.
        "(c) Effective Dates. -
23      "(1) In general. - Except as provided in paragraph (2), this section shall take effect on the date of the enactment
    of this Act [July 22, 1998].
24      "(2) Automated collection system actions. - In the case of any action under an automated collection system, this
    section shall apply to actions initiated after December 31, 2000."

1   promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, or by

2   reason of negligence: defendant, through principals, officers, agents, and/or employees of

3   Internal Revenue Service, purported to be a component of the Department of Treasury,

4   failed to implement the provisions of Internal Revenue Code section 6301 with respect to

    tax imposed in Subtitle A of the Internal Revenue Code.

5   U.    COUNT TWENTY-ONE:

6   By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 25,

7   promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, or by

    reason of negligence: defendant, through principals, officers, agents, and/or employees of

8   Internal Revenue Service, purported to be a component of the Department of Treasury,

9   failed to implement the provisions of Internal Revenue Code section 6301 with respect to

    tax imposed in Subtitle A of the Internal Revenue Code.

10  V.    COUNT TWENTY-TWO:

11  By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 26,

12  promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, or by

13  reason of negligence: defendant, through principals, officers, agents, and/or employees of

    Internal Revenue Service, purported to be a component of the Department of Treasury,

14  failed to implement the provisions of Internal Revenue Code section 6301 with respect to

15  tax imposed in Subtitle A of the Internal Revenue Code.

    W.    COUNT TWENTY-THREE:

16  By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 270,

17  promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, or by

18  reason of negligence: defendant, through principals, officers, agents, and/or employees of

19  Internal Revenue Service, purported to be a component of the Department of Treasury,

    failed to implement the provisions of Internal Revenue Code section 6301 with respect to

20  tax imposed in Subtitle A of the Internal Revenue Code.

21  X.    COUNT TWENTY-FOUR:

22  By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 41,

    promulgated pursuant to Internal Revenue Code section 7805, <u>68A Stat. 917</u>, or by

23  reason of negligence: defendant, through principals, officers, agents, and/or employees of

24  Internal Revenue Service, purported to be a component of the Department of Treasury,

1   failed to implement the provisions of Internal Revenue Code section 6301 with respect to

2   tax imposed in Subtitle A of the Internal Revenue Code.

3   Y.    COUNT TWENTY-FIVE:

4   By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53,

    promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by

5   reason of negligence: defendant, through principals, officers, agents, and/or employees of

6   Internal Revenue Service, purported to be a component of the Department of Treasury,

7   failed to implement the provisions of Internal Revenue Code section 6301 with respect to

    tax imposed in Subtitle A of the Internal Revenue Code.

8   Z.    COUNT TWENTY-SIX:

9   By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70,

10  promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by

11  reason of negligence: defendant, through principals, officers, agents, and/or employees of

    Internal Revenue Service, purported to be a component of the Department of Treasury,

12  failed to implement the provisions of Internal Revenue Code section 6301 with respect to

13  tax imposed in Subtitle A of the Internal Revenue Code.

    AA.   COUNT TWENTY-SEVEN:

14  By reckless or intentional disregard of Internal Revenue Code section 6303, 68A Stat.

15  775, or by reason of negligence: defendant, through principals, officers, agents, and/or

    employees of Internal Revenue Service, purported to be a component of the Department

16  of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant

17  to section 6203, give notice to each person liable for the unpaid tax, stating the amount

18  and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal

    Revenue Code.

19  BB.   COUNT TWENTY-EIGHT:

20  By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 53,

21  promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by

    reason of negligence: defendant, through principals, officers, agents, and/or employees of

22  Internal Revenue Service, purported to be a component of the Department of Treasury,

23  failed to implement the provisions of Internal Revenue Code section 6303 with respect to

24  tax imposed in Subtitle A of the Internal Revenue Code.

CC.    COUNT TWENTY-NINE:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6303 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

DD.    COUNT THIRTY:

By reckless or intentional disregard of Internal Revenue Code section 6304[13], 112 Stat. 768, subsection (b), paragraph (1), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

EE.    COUNT THIRTY-ONE:

By reckless or intentional disregard of Internal Revenue Code section 6320[14], 112 Stat. 746, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

FF.    COUNT THIRTY-TWO:

By reckless or intentional disregard of Internal Revenue Code section 6321, 68A Stat. 779, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand.

GG.    COUNT THIRTY-THREE

By reckless or intentional disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), or by reason of negligence: defendant, through principals,

---

[13] Added Pub. L. 105-206, title III, Sec. 3466(a), July 22, 1998, 112 Stat. 768.
[14] Added Pub. L. 105-206, title III, Sec. 3401(a), July 22, 1998, 112 Stat. 746.

officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

HH.    COUNT THIRTY-FOUR:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6321 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

II.    COUNT THIRTY-FIVER:

By reckless or intentional disregard of Internal Revenue Code section 6322, 68A Stat. 779, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

JJ.    COUNT THIRTY-SIX:

By reckless or intentional disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to A.R.S. § 33-1033.

KK.    COUNT THIRTY-SEVEN:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by reason of negligence: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to implement the provisions of Internal Revenue Code section 6323 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

LL.    COUNT THIRTY-EIGHT:

By reckless or intentional disregard of Federal Tax Regulations in 27 CFR Part 301, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, or by

1    reason of negligence: defendant, through principals, officers, agents, and/or employees of

2    Internal Revenue Service, purported to be a component of the Department of Treasury,

3    failed to implement the provisions of Internal Revenue Code section 6323 with respect to

     tax imposed in Subtitle A of the Internal Revenue Code.

4    MM.    COUNT THIRTY-NINE:

5    By reckless or intentional disregard of Internal Revenue Code section 7213, 68A Stat.

     855, subsection (a), or by reason of negligence: defendant, through principals, officers,

6    agents, and/or employees of Internal Revenue Service, purported to be a component of

7    the Department of Treasury, unlawfully disclosed return information - by filing  notice(s)

8    of lien(s) in stated amounts for which no record of assessment exists.

IV.  SPECIAL MATTERS

9    Upon information and belief, each failure of administrative procedure identified above

10   was intended to defeat the application of one or more provisions of the Internal Revenue

11   Code, in violation of IRC § 7214(a)(3).

V.   ALLEGATIONS RE: BREACHES OF ADMINISTRATIVE PROCEDURE:

12   A.     Upon information and belief, the failures of administrative procedure identified

13          above were,

14          1.     arbitrary, capricious, an abuse of discretion, or otherwise not in
                   accordance with law;

15          2.     contrary to constitutional right, power, privilege, or immunity;
            3.     in excess of statutory jurisdiction, authority, or limitations, or short of

16                 statutory right;
            4.     without observance of procedure required by law;

17          5.     unsupported by substantial evidence in a case subject to sections 556 and
                   557 of this title [Title 5] or otherwise reviewed on the record of an agency

18                 hearing provided by statute; or
            6.     unwarranted by the facts to the extent that the facts are subject to trial de

19                 novo by the reviewing court. In making the foregoing determinations, the
                   court shall review the whole record or those parts of it cited by a party,

20                 and due account shall be taken of the rule of prejudicial error.
            7.

21   B.     Upon information and belief, the failures of administrative procedure identified

22          above were, arbitrary, capricious, an abuse of discretion, or otherwise not in

            accordance with law; contrary to constitutional right, power, privilege, or

23          immunity; in excess of statutory jurisdiction, authority, or limitations, or short of

24          statutory right; without observance of procedure required by law; unsupported by

1   substantial evidence in a case subject to sections <u>556</u> and <u>557</u> of Title 5, United

2   States Code, or otherwise reviewed on the record of an agency hearing provided

3   by statute, and unwarranted by the facts to the extent that the facts are subject to

    trial de novo by the reviewing court.

4   VI.    SUMMARY

5          A.    Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC §*

6                *7433(b)*,

                 In any action brought under subsection (a), upon a finding of liability on the part

7                of the defendant, the defendant shall be liable to the plaintiff in an amount equal

8                to the lesser of $ 1,000,000.00 or the sum of –

9                          (1)    actual, direct economic damages sustained by the plaintiff

                                  as a proximate result of the reckless or intentional actions

10                                of the officer or employee, and,

11                         (2)    the costs of the action.

           B.    Violations of section 7214 of the Internal Revenue Code of 1986, *68A stat 3, §*

12               *7214*, call for a violator thereof to be,

13                        "dismissed from office or discharged from employment and, upon
                          conviction thereof, shall be fined not more than $10,000, or imprisoned
14                        not more than 5 years, or both and. The court also shall render judgment
                          against the said officer or employee for the amount of damages sustained
15                        in favor of the party injured, to be collected by execution."

16         WHEREFORE, Plaintiff seeks relief in the following particulars:

17               1.    A finding that defendant disregarded provisions of the Internal Revenue

18                     Code; and,

                 2.    A finding that defendant disregarded regulations promulgated under the
19
                       Internal Revenue Code; and,

20               3.    setting an evidentiary hearing to determine damages.

21

22                                        **VERIFICATION**

23   I, Suzanne Alawa declare under penalty of perjury under the laws of the United States of

24   America that the foregoing is true and correct to the best of my knowledge and belief except for

                                        Page 15 of 16

1   those allegations made upon information and belief, and as to those, I believe them to be true.

2   Respectfully entered this _19th_ day of January, 2006.

3

4                       Suzanne Alawa

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24