IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUZANNE ALAWA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-cv-130 (RBW) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code.

QUESTION PRESENTED

Plaintiff, Suzanne Alawa, attempted to served the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Suzanne Alawa, filed this complaint on January 23, 2006.  The complaint alleges that agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. II,B.)  On March 13, 2006, plaintiff, filed returns of service showing that plaintiff herself served the Attorney

General and the United States Attorney for the District of Columbia by certified mail. (See PACER # 2.)

ARGUMENT

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. Davis v. Garcia, 222 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff, Suzanne Alawa, signed the returns of service indicating that she, herself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Suzanne Alawa is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiff has failed to properly serve the United States, and her complaint must be dismissed.

CONCLUSION

Because plaintiff has failed to properly serve the United States, the complaint should be dismissed.

DATE: April 4, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on April 4, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> SUZANNE ALAWA
> Plaintiff *Pro Se*
> 99-101D Waipao Place
> Alea, HI 96701

> /s/ Pat S. Genis
> PAT S. GENIS, #446244