UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SUZANNE ALAWA,                              )
                                            )
      Plaintiff,                            )
                                            )
v.                                          )   Civil Action No. 06-130 (RBW)
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
      Defendant.                            )
_____)

**ORDER**

      On April 5, 2006, the defendant filed a motion to dismiss. The plaintiff pro se failed to file an opposition within the time prescribed by Local Rule 7(b) ("[w]ithin 11 days of the date of service . . . an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion."). On June 14, 2006, this Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), advising the plaintiff that failure to file an opposition to the defendant's motion by June 28, 2006, would result in the Court treating the motion as conceded and entering judgment in favor of the defendant. June 14, 2006 Order. As a result of the plaintiff neither filing an opposition nor requesting an extension of time to file an opposition, on June 30, 2006, this Court granted the defendant's motion to dismiss. June 30, 2006 Order.

      On August 4, 2006, the plaintiff filed a motion for relief from the order of this Court dismissing her complaint for failure to respond to the defendant's motion to dismiss.[1]

---

[1] As of the date of this Order, the defendant has not responded to the plaintiff's motion to reinstate.

Plaintiff's Motion To Reinstate. ("Pl.'s Mot."). The plaintiff asserts that after receiving the "Court's Order of June 14, 2006 (hereinafter, "Fox-Neal Order") by first class mail, becoming on that date aware that her original Response had apparently been omitted from the record in the instant case," Pl.'s Mot. at ¶ III, she "sent an Amended Response to Motion to Dismiss, [ ] on 26 June, 2006 by United States Postal Service Express Mail, bearing USPS Tracking Number EQ 102688934 US." Id. at ¶ IV.  Since "[d]elivery was guaranteed by the United States Postal Service for 28 June, 2006, the deadline set by the Court in the Fox-Neal Order[,]" the plaintiff did not become aware that her opposition to the defendant's motion to dismiss had not been filed and the case had been dismissed until she was notified that the defendant's agency, Internal Revenue Service, had issued a notice of levy against her bank account.  See Pl.'s Mot. at VI and Exhibit ("Ex.") 4 (Notice from First Hawaiian Bank to Suzanne Alawa dated July 8, 2006).  Plaintiff now requests that the Court reinstates her complaint because she has provided evidence of her diligence to prosecute her case and to timely respond to the defendant's motion to dismiss.  Pl.'s Mot. at p. 2.

     Upon review of the record, the Court finds that the plaintiff, who is proceeding pro se, attempted to timely file an opposition to the defendant's motion to dismiss but it was not forwarded to the Court by the due date.  The plaintiff has provided evidence that delivery of her opposition was guaranteed by the United States Postal Service by 3:00 p.m on June 28, 2006. Pl.'s Mot. at Ex. 3 (Letter from Diane Machida, Expedited Service Specialist of the United States Postal Service, dated July 20, 2006).  However, the opposition was not received until June 30, 2006, as a result of the mailing possibly being mishandled by the United States Postal Service and not dispatched according to postal procedures.  Id.  Courts

of this Circuit have interpreted the Supreme Court's instruction in Haines v. Kerner, 404 U.S. 519, 520 (1972) that the complaint of a pro se plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers," as encompassing all filings submitted by pro se litigants, and not just their pleadings. See, e.g. Richardson v. United States 193 F.3d 545, 548 (D.C.Cir.1999) (holding that "[c]ourts must construe pro se filings liberally") (citing Haines, 404 U.S. at 520); Voinche v. FBI, 412 F.Supp.2d 60, 70 (D.D.C.2006) (observing that "[t]his Court gives pro se parties the benefit of the doubt and may ignore some technical shortcomings of their filings" and applying the Haines rule to a plaintiff's summary judgment motion) (citing Haines, 404 U.S. at 520, 92 S.Ct. 594); Calloway v. Brownlee, 366 F.Supp.2d 43, 55 (D.D.C.2005) (Walton, J.) (holding that the Court "must take pains to protect the rights of pro se parties against the consequences of technical errors") (citing Haines, 404 U.S. at 520). This approach of ensuring that pro se litigants are not denied access to the judicial process due to their inexperience with the process leads the Court to conclude that the dismissal of the plaintiff's complaint must be vacated. Accordingly, it is hereby this 10th day of January, 2007,

    **ORDERED** that the plaintiff's motion to reinstate this matter is **GRANTED** and this case shall be reopened. It is further

    **ORDERED** that the plaintiff shall file her Amended Response To Motion To Dismiss that is attached as Exhibit 3 to her motion to reinstate by January 22, 2007. It is further

    **ORDERED** that the defendant shall file a reply to the plaintiff's opposition to its motion to dismiss by January 29, 2007.

**SO ORDERED** this 10th day of January, 2007.

                                          Reggie B. Walton
                                          United States District Judge