Suzanne Alawa
99-101D Waipao Place
Aiea, Hawaii 96701

RECEIVED
JAN 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

| | |
|---|---|
| Suzanne Alawa, | Case №: 1:2006cv00130 RBW |
| Plaintiff, | AMENDED RESPONSE TO MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA | (Jury Trial Demanded) |
| Respondent. | |

COMES NOW Suzanne Alawa, in her own right, <u>Faretta v. California</u>, 422 US 809, reserving her right to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and hereby responds, objects to and moves to strike/deny defendants' motion to dismiss for insufficiency of service:[2]

I.  Defendant's motion fails on each ground, as follows:

II. SERVICE WAS SUFFICIENT

    A.  Counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS

---

[1] As designated in Title 26, United States Code, § 7433.

[2] Plaintiff asserts that a prior response was mailed to the Court in late April, but apparently has not found its way into the record. Plaintiff, concerned that a discovery of that prior response would negate the instant filing, therefore captions the instant filing as an Amended Response.

AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

B. Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

(1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

C. While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

D. Counsel also overlooks the fact that service of Summonses and my Verified Complaint was "effected" by the United States Postal Service, an agency of the Defendant, "...by registered or certified mail..." in accordance with Fed.R.Civ.P. 4(i)(1)(A)'s alternative.

E. Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and Verified Complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

III. Counsel then proceeds, in her "Memo", to cite *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 as support for her misreading. This is a clear misrepresentation of that case.

A. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, as shown in the syllabus:

"Federal Rule of Civil Procedure 37(b)(2)(A) provides that a district court, as a sanction for failure to comply with discovery orders, may enter [a]n order that the matters regarding which the [discovery] order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance

with the claim of the party obtaining the order."

    B.    The case at bar is not yet in the discovery phase, and counsel clearly desires to keep the case from reaching discovery, by whatever means necessary.

    C.    Dismissal on grounds of insufficiency of service should be denied.

IV.    The Court has recognized that the "Motion to Dismiss" (sic) in the instant case raises issues outside the Verified Complaint, and that the motion, made under Fed.R.Civ.P. 12(b), generally, necessarily includes all of the Rule's paragraphs, including paragraph (6) See: ORDER of June 14, 2006 (hereinafter, "Fox-Neal Order"), and that said motion must be treated, and decided, as a motion for summary judgment.

    A.    The Fox-Neal Order states:

"The court in Neal also stated that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant. Id. Under Rule 56(e) of the Federal Rules of Civil Procedure," and includes that text:

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"Fed. R. Civ. P. 56(e)."

    B.    The subject motion is not "...supported as provided in..." Rule 56, and said motion "rest[s] upon the mere allegations or denials of..." Plaintiff's Verified Complaint.

    C.    In accordance with the Rule, because"...the [defendant has] not so respond[ed], summary judgment, if appropriate, [should] be entered..." in Plaintiff's favor.

1 | Respectfully entered this _26_ day of June, 2006.

*[signature: Suzanne Alawa]*
Suzanne Alawa